Green, J.
delivered the opinion of the court.
John Eliff filed his bill in the Chancery Court at Pulaski, against George W. Garratt and Benjamin Garratt, in which he prayed for an injunction against a judgment which they had obtained at law against him. The injunction was awarded, and Clement H. Eliff and Joseph Eliff became his sureties in the injunction bond. John Eliff, the complainant, died, and no steps having been taken to revive the suit, the court at September term, 1842, entered up a decree of abatement as to John Eliff, and ordered that the injunction be dissolved, and that the defendants recover the amount of their judgment at law, from the sureties in the injunction bond. To reverse this judgment, these sureties prosecute this writ of error.
The actofl819, ch. 119, sec. 1, Car.&Nich. 386, provides, “that where any injunction shall be obtained to stay the collection of any money on ajudgment in any of the courts of this State, and the same shall be dissolved on motion, or on the final hearing of the cause, it shall be the duty of the Clerk of the court, in which the said injunction shall be dissolved or final *324 decree rendered, to enter up judgment against the party obtaining the same and securities for the amount of the principal, interest and costs, and execution shall issue as in other cases.”
The remedy provided in this act of Assembly, is of the most summary character, without notice to the parties to be affected, and consequently cannot be extended, by construction, beyond the cases specified in the statute. Wliat are those' cases? The act says, “that the Clerk shall enter up judgment when an injunction shall be dissolved bn motion or on final hearing.” The dissolution on motion, here intended, is when in the progress of the cause, before it has been brought to a hearing, the party who has been enjoined, may move that the injunction be dissolved. And evidently the hearing referred to in the statute, relates to the final adjudication of the cause, as it may be brought to a hearing according to the course of the court.
In the case before us, neither of these events occurred. The complainant died, and no steps having been taken to revive the suit, it abated. There was no dissolution of the injunction by motion within the meaning of the tatute, and manifestly no hearing of the cause. The court, therefore, had no authority, in this summary manner, to enter up judgment against the sureties of the complainant.
This question came before this court in the case of Patterson vs. Stewart, 6 Yerg. Rep. 26, in which case the court held, that the judgment against the sureties was erroneous. We have reviewed the grounds of that decision and approve it.
Let the judgment be reversed,